UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-72-C

COMMONWEALTH OF KENTUCKY                                    RESPONDENT/PLAINTIFF

v.

JUAN PELEGRIN VIDAL                                          PETITIONER/DEFENDANT

MEMORANDUM OPINION

The petitioner, Juan Pelegrin Vidal, filed a *pro se* notice of petition for injunction and/or removal. This matter is before the court on preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

I. SUMMARY OF CLAIMS

Vidal was arrested in Florida in May 2003 for a murder that occurred in Louisville, Kentucky. Following a capital murder jury trial in Jefferson Circuit Court, he was convicted of murder and first-degree burglary. He was sentenced to imprisonment of life without the possibility of parole and twenty years on October 10, 2007.

As grounds for his petition, Vidal first alleges that, upon his arrest, Florida authorities failed to notify him that, as a Cuban National, he had a right to contact and seek assistance from the Cuban consulate pursuant to Article 36 of the Vienna Convention on Consular Relations. He alleges that this failure to notify him of his

right to consular assistance violated the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Secondly, Vidal claims that the trial court denied him "a bifurcated capital sentencing proceeding in which to present mitigating evidence" pursuant to Kentucky's capital sentencing scheme in violation of the Sixth, Eighth, and Fourteenth Amendments. Finally, Vidal claims the "Commonwealth failed to prove beyond a reasonable doubt all elements of murder while still obtaining a conviction" in violation of the Sixth and Fourteenth Amendments.

Vidal appealed his conviction, and the appeal is now pending before the Kentucky Supreme Court. Vidal's appointed counsel filed an appellate brief before the Kentucky Supreme Court. However, Vidal claims that the brief filed by counsel failed to raise all of the issues relevant to his appeal, and he sought to file a *pro se* appellate brief. Vidal's counsel moved for leave to allow Vidal to file a *pro se* brief, but the Kentucky Supreme Court denied the motion. In this action, Vidal seeks an order from this court directing the Kentucky Supreme Court to accept and file his *pro se* appellate brief. Vidal also claims that this court has the "constitutional and statutory authority to remove the entire action from the state court to be heard in the U.S. District Court."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, or any portion thereof, if the court determines that the complaint is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). By the same token, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint under this standard, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716,

3

726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

The court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "'does not require a court to conjure allegations on a litigant's behalf,'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)), and the court is not required to create a claim for the *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Here, Vidal alleges federal constitutional violations and asks the court to "issue a mandate under Title 28, U.S.C., Section 1651 requiring

the Kentucky Supreme Court to accept and file Vidal's *pro se* appellate brief."

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Vidal, however, does not ask this court to compel any officer, employee, or agency of the *United States* to perform any duty owed him. Rather, he asks the court to compel the Kentucky Supreme Court to act, but "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). While Vidal cites 28 U.S.C. § 1651,[1] that statute does not give a federal court authority to issue a writ of mandamus to a state court. Consequently, the request for mandamus relief must be dismissed.

**B.     Removal**

Vidal also claims that his case may be removed from the state court and heard in this court. He asserts that this court has jurisdiction to hear this matter under 28 U.S.C. §§ 1331, 1332, and 1441(b), (c). Turning first to § 1331, the statute provides: "[t]he district courts shall have original jurisdiction of all *civil actions* arising under the Constitution, laws, or treaties of the United States." 28

---

[1] 28 U.S.C. § 1651 provides: "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law; (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction."

5

U.S.C. §§ 1331(a) (emphasis added). Likewise, § 1332 states, "The district courts shall have original jurisdiction of all *civil actions* where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. §§ 1332(a) (emphasis added). Finally, § 1441(b) provides as follows:

> Any *civil action* of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (emphasis added). Section 1441(c) provides: "Whenvever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed." 28 U.S.C. § 1441(c). As stated, § 1331 provides for a federal court's jurisdiction over civil, not criminal matters. Therefore, the statutes cited by Vidal pertain only to civil actions and do not give this court jurisdiction over his criminal appeal.

The only statute allowing for removal of a criminal action is 28 U.S.C. § 1443.[2] Section 1446 sets forth the procedure for a criminal removal under §

---

[2] 28 U.S.C. § 1443 permits removal in the following circumstances:

> (1) Against any person who is denied or cannot enforce in the courts of [a State] a right under any law providing

6

1443:

> A notice of removal of a criminal prosecution shall be filed not later than *thirty days after the arraignment* in the State court, *or at any time before trial, whichever is earlier*, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1446(c)(1) (emphasis added).  Thus, the statute permits removal of a criminal action only before trial, and removal is not permitted at the appellate stage.  Moreover, Vidal fails to show "good cause" for allowing his criminal appeal to be removed almost six years after removal would have been timely.[3]  Because removal is not authorized, this court is without jurisdiction to hear Vidal's criminal action at this time.  The court will dismiss Vidal's petition and remand the action pursuant to 28 U.S.C. § 1446(c)(4).[4]

The court will enter an order consistent with this memorandum opinion.

---

> for the equal civil rights of citizens of the United States . . .; or
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

[3] Vidal does not identify the date of his arraignment but states that he was arrested in May 2003.

[4] Pursuant to § 1446(c)(4), "If it clearly appears on the face of the notice [of removal of a criminal prosecution] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

7

Signed on  November 16, 2009

**Jennifer B. Coffman, Judge**
**United States District Court**